# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE EVERETT VOID-EL,**

      **Petitioner,**

v.                                                                                  **Case No. 1:10cv7**
                                                                                **(Judge Keeley)**

**JAMES N. CROSS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On January 14, 2010, the petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. Accordingly, this matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

### I. Conviction and Sentence

The petitioner was charged in a six-count indictment along with William Johnson with conspiracy to distribute and possess with intent to distribute cocaine and phencyclidine (PCP); premeditated first-degree murder while armed; possession of a firearm during a crime of violence, and carrying a pistol without a licence, all in violation of the D.C. Code. Prior to trial, the two defendants' cases were severed from each other. The jury was unable to reach a verdict on the possession of firearm during the commission of a crime of violence and carrying a pistol without a license charges, and the trial judge granted the government's motion to dismiss those charges. However, the jury convicted the petitioner of the PCP charge and first-degree murder while armed. See Void v. United States, 631 A.2d 374 (District of Columbia, Court of Appeals 1993). According to the petitioner, he was sentenced on September 6, 1991 to 3-9 years on the PCP charge and 20 years to life on the murder charge. (Doc. 1, p.3). On appeal, his conviction was affirmed on September 9, 1993. Void, supra. On October 19, 1994, the petitioner filed a 23-110 motion claiming ineffective assistance of counsel. The trial court denied the motion, and the Court

of Appeals affirmed the trial court's denial. On March 27, 2000, the petitioner filled a second 23-110 motion raising ineffective assistance of counsel and errors in the jury instructions. The trial court denied this motion on January 31, 2002, and the Court of Appeals affirmed that denial, as well. See 1:02cv-02246-ESH, United States District Court, District of Columbia.

## II. Claims of Petition

Petitioner now brings this case pursuant to § 2241 raising the following grounds for relief:

(1) 28 USC § 1332 Diversity of Citizenship amount in controversy costs (A)(1)(2)(B)(C)(1)

(2) Title to res (Bruce Everett Void);

(3) Violation of the Constitution, Article IV § 2;

(4) Violation of the Treatise of Morocco (Peace and Friendship) July 15, 1786, July 18, 1787;

(5) The Violation of the Universal Declaration of Human Rights Article (1)(2)(3)(4)(5)(7)(8)(15)(17)(18); and

(6) An unconstitutional sentence which is a mandatory (20) to life sentence, under the indeterminate sentencing act, (Two) Legally inconsistent verdict. (Three) Multiplicity of the indictment.

The petition asks to be awarded One Million Dollars per year of incarceration from either Warden Cross or the United States of America/District of Columbia, release from incarceration and payment of his court costs and fees by either Warden Cross or the United States of America/District of Columbia.

## III. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28

2

U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...."Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued

3

unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'". Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner has made no demonstration that the remedy available under § 23-110 was an "inadequate or ineffective" means of challenging his sentence. Moreover, even though the petitioner unsuccessfully pursued his challenge under § 23-110 twice, this failure is not itself sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the

4

remedies provided him by ...§ 23-110 are inadequate merely because he was unsuccessful when he invoked them.").[1]

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, the petitioner may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  2-3-10

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that the petitioner filed two petitions pursuant to 28 USC § 2241 in the United States District Court, District of Columbia both of which were dismissed for lack of jurisdiction, because the petitioner failed to demonstrate that D.C. Code § 23-110 was inadequate or ineffective to test the legality of his detention. See 1:2002cv 01024 and 1L2002cv02246.