```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRUCE EVERETT VOID-EL,**

       Petitioner,

v.                                    CIVIL NO. 1:10CV7
                                            (Judge Keeley)

**JAMES N. CROSS, Warden,**

       Respondent.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 6], AND DISMISSING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

### I. INTRODUCTION

In September 1989, the pro se petitioner, Bruce Everett Void-El ("Void-El"), was convicted in the Superior Court of the District of Columbia of conspiring to distribute and possessing illegal drugs with intent to distribute, and of committing first-degree murder while armed, in violation of the Code of Washington, D.C. See Void v. United States, 631 A.2d 374, 378 (D.C. App. 1993). The Superior Court later sentenced Void-El to serve three to nine years of imprisonment for the illegal drug convictions, and twenty years to life of incarceration for the murder conviction. See Petition at 4 (dkt. no. 1). On direct appeal, Void-El's conviction was affirmed by the District of Columbia Court of Appeals. Void, 631 A.2d at 385.

Following his conviction, Void-El twice filed motions in the Washington D.C. Superior Court under § 23-110 of the D.C. Code, claiming that he received ineffective counsel and that the trial

**VOID-EL V. CROSS** 1:10CV7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

court erred when instructing the jury. These motions were denied, and their denial was later affirmed by the District of Columbia Court of Appeals.

On January 14, 2010, Void-El filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief on the following grounds:

> (1) 28 U.S.C. § 1332 Diversity of Citizenship amount in controversy costs (A)(1)(2)(B)(C)(1)
> (2) Title to res (Bruce Everett Void);
> (3) Violation of the Constitution, Article IV § 2;
> (4) Violation of the Treatise [sic] of Morocco (Peace and Friendship) July 15, 1786, July 18, 1787;
> (5) The Violation of the Universal Declaration of Human Rights Article (1)(2)(3)(4)(5)(7)(8)(15)(17)(18); and
> (6) An unconstitutional sentence which is a mandatory (20) to life sentence, under the indeterminate sentencing act, (Two) Legally inconsistent verdict [sic], (Three) Multiplicity of the indictment.

R&R at 2 (dkt. no. 6).

Pursuant to L.R. P.L. 83.09 and Standing Order No. 2, the Court referred Void-El's petition to United States Magistrate Judge David J. Joel ("Magistrate Judge Joel") for an initial review and report and recommendation ("R&R"). On February 3, 2010, Magistrate Judge Joel issued an R&R recommending that Void-El's petition be

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

dismissed with prejudice. On February 18, 2010, Void-El filed timely objections to the R&R.

After conducting a <u>de novo</u> review of those aspects of the R&R to which Void-El objects, the Court **ADOPTS** the R&R in its entirety (dkt. no. 6) and **DISMISSES WITH PREJUDICE** Void-El's petition for a writ of habeas corpus. (dkt. no. 1).

## II. <u>THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Magistrate Judge Joel's R&R recommends that Void-El's petition for writ of habeas corpus should be dismissed with prejudice because, pursuant to D.C. Code § 23-110(g), this Court lacks jurisdiction to hear such petitions filed by prisoners sentenced in the District of Columbia ("D.C. prisoners"). Section 23-110 of the D.C. Code provides remedies to D.C. prisoners who wish to collaterally attack their conviction or sentence. <u>See</u> D.C. Code § 23-110 (2001). These remedies are analogous to those provided to federal prisoners under 28 U.S.C. § 2255. <u>See</u> <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Section 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this

**VOID-EL V. CROSS** 1:10CV7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

> section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

It effectively bars the federal courts from hearing habeas corpus petitions filed by D.C. prisoners who are able to or have sought relief under § 23-110, unless they can show that a § 23-110 remedy is inadequate or ineffective. Blair-Bey, 151 F.3d at 1042.

The R&R concludes that Void-El had remedies available to him under § 23-110 because he twice filed motions for relief in the D.C. Superior Court pursuant to that statute. The R&R further concludes that the remedies available to Void-El under § 23-110 were not inadequate or ineffective merely because Void-El's challenges to his conviction or sentence were unsuccessful. Perkins v. Henderson, 881 F. Supp. 55, 59 n.5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided to him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them."). The R&R therefore concluded that this Court lacked jurisdiction to hear Void-El's habeas corpus petition. See D.C. Code § 23-110(g).

### III. VOID-EL'S OBJECTIONS

In his objections, Void-El concedes that his challenge to his sentence and conviction pursuant to Ground Six of his petition

**VOID-EL V. CROSS**                                                  **1:10CV7**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

(dkt. no. 1) is barred by § 23-110 of the D.C. Code and that it cannot be heard by this Court. See Objections to R&R at 4 (dkt. no. 10). He objects, however, to the fact that the R&R fails to address his additional grounds for relief, including his claims under 28 U.S.C. § 1332, the Treatise [sic] of Morocco, the Universal Declaration of Human Rights, and the United States Constitution, Article IV, § 2. Aside from these objections, Void-El provides no further support for his remaining claims, nor does he challenge the legal reasoning of the R&R.

## IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1). It may, however, adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

## V. ANALYSIS

### A.

Section 23-110 of the D.C. Code deprives federal courts of jurisdiction to hear habeas corpus petitions that challenge a D.C. prisoner's conviction or sentence unless such a remedy is inadequate or unavailable. See D.C. Code § 23-110(g). Ground Six of Void-El's petition makes such a challenge and, therefore, pursuant to § 23-110 of the D.C. Code, this Court lacks jurisdiction to hear it.

His petition, however, asserts five additional grounds for relief that are not addressed in the R&R. It is not clear from the face of the petition what relief he seeks under these five claims, which include violations of 28 U.S.C. § 1332, the Treatise [sic] of Morocco, the Universal Declaration of Human Rights, and the United States Constitution, Article IV, § 2.

If Void-El seeks to challenge the lawfulness of his conviction and sentence through these claims, the Court is precluded from hearing such claims under § 23-110 of the D.C. Code. However, it would not be jurisdictionally precluded from hearing any claims for relief not encompassed within § 23-110 of the D.C. Code. See Blair-Bey, 151 F.3d at 1042 (holding that federal courts only lack jurisdiction to hear habeas corpus petitions that would otherwise

**VOID-EL V. CROSS** 1:10CV7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

be filed under § 23-110 to challenge a D.C. prisoner's conviction or sentence).

**B.**

Assuming it would not be precluded from hearing Void-El's remaining five claims for relief under § 23-110 of the D.C. Code, this Court nevertheless is not able to grant him relief on the basis of those claims because the remainder of his grounds fail to state a claim for relief and are without merit.

1.

Void-El first claims that he was "improperly designated as res (Bruce Everett Void)" under 28 U.S.C. § 1332. Similarly, ground 2 claims that Void-El "has a title to the res (Bruce Everett Void." Because he offers no further discussion about these claims, however, it is unclear what legal argument he is making. When construed liberally, it appears that he claims that his name was incorrectly designated as "Void" rather than "Void-El" in prior proceedings that took place in the District of Columbia. Such minor mis-designations, however, do not afford him any right to relief where the evidence indicates that "Void" and "Void-El" are one in the same person. See Troupe v. Barnhart, 140 F. Apps. 544 (5th Cir. 2005). In this case, the record conclusively establishes that Void-

**VOID-EL V. CROSS** 1:10CV7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

El is the same person convicted in the Superior Court of D.C. His first two claims therefore are without merit.

**2.**

Void-El next argues for relief under the Privileges and Immunities Clause of the Constitution, claiming that corporate citizenship is not "citizenship" for the purposes of Article IV § 2. Because no corporations or corporate citizens are involved in this matter, Void-El has not stated a claim under Article IV § 2.

Void-El's claims under grounds 4 and 5 seek relief under the Treaty of Peace and Friendship with Morocco, July 15, 2786 ("Treaty with Morocco"), and the Universal Declaration of Human Rights ("Declaration"), respectively. The Treaty with Morocco offers no grounds for relief because, even it that treaty could have conferred any substantial rights upon Void-El, it was only in effect from 1786 A.D. until 1836 A.D., and is no longer effective.[1] Additionally, pursuant to the Declaration, Void-El alleges that he has suffered from violations of several of its articles. He fails,

---

[1] Interestingly, the Treaty of Peace and Friendship with Morocco was the first of several treaties signed by the United States and the North African states, collectively known as the Barbary Treaties, 1786-1816. It was originally written in arabic and later signed and approved by Thomas Jefferson and John Adams and the Emperor of Morocco. Yale Law School, Lillian Goldman law Library, http://avalon.law.yale.edu/ 18th century/bar1786t.asp (Issac Cardoza Nunez trans) (last visited June 25, 2010).

**VOID-EL V. CROSS**                                                 1:10CV7

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 6] AND DISMISSING PLAINTIFF'S
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE [DKT. NO. 1]**

however, to allege any facts to support his claims other than citing to the articles themselves. Accordingly, he fails to state any right to relief under the Declaration.

## VI. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** Magistrate Judge Joel's R&R (dkt. no. 6) in its entirety and **DISMISSES** this case **WITH PREJUDICE**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to mail a copy of both Orders to the pro se petitioner, by certified mail, return receipt requested.

It is so **ORDERED**.

DATED: June 30, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE